UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

February 24, 2016

LETTER TO COUNSEL

      RE:    *Tracy Lee Chandler v. Commissioner, Social Security Administration*;
             Civil No. SAG-15-1408

Dear Counsel:

      On May 17, 2015, Plaintiff Tracy Lee Chandler petitioned this Court to review the Social Security Administration's final decision to deny her claim for Supplemental Security Income ("SSI").[1] (ECF No. 1). I have considered the parties' cross-motions for summary judgment, and the supplemental briefs filed by both sides. (ECF Nos. 10, 11, 13, 14). I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2014). This Court must uphold the decision of the Agency if it is supported by substantial evidence and if the Agency employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will deny both motions, reverse the decision of the Commissioner in part, and remand the case to the Commissioner pursuant to sentence four of 42 U.S.C. § 205(g). This letter explains my rationale.

      Ms. Chandler filed her claims for benefits in 2008, originally alleging a disability onset date in 2002. (Tr. 17). Her claims were denied initially and on reconsideration. (Tr. 65-69, 75-76). An Administrative Law Judge ("ALJ") held a hearing on February 16, 2011. (Tr. 27-53). Following the hearing, the ALJ determined that Ms. Chandler was not disabled. (Tr. 14-26). Ms. Chandler appealed the ALJ's decision, and the Appeals Council denied her request for review. (Tr. 1-4). After an appeal to this Court, the case was remanded to the Agency. (Tr. 452-55). A second hearing was held before the ALJ on July 10, 2014. (Tr. 420-42). The ALJ again issued an opinion denying benefits. (Tr. 396-419). The Appeals Council again denied review, (Tr. 382-85), so the ALJ's 2014 decision constitutes the final, reviewable decision of the Agency.

      The ALJ found that Ms. Chandler suffered from the severe impairments of "blindness in the left eye with a total chronic retinal detachment and phthisis bulbi, left eye; affective disorder; anxiety disorder." (Tr. 402). Despite those impairments, the ALJ determined that Ms. Chandler retained the residual functional capacity ("RFC") to:

---

[1] Ms. Chandler originally also had a claim for Disability Insurance Benefits ("DIB"). However, at the remand hearing, she amended her onset date to September 23, 2009, which post-dated her date last insured and effectively rescinded her DIB claim. (Tr. 399).

>perform a full range of work at all exertional levels but with the following nonexertional limitations: due to visual impairment, the claimant should do no climbing of ladders, ropes, or scaffolds and should do no work around dangerous machinery or unprotected heights. The claimant should avoid work requiring bilateral vision and good depth perception. Due to depression, the claimant is limited to performing simple instructions (no complex tasks) with occasional contact with coworkers, supervisors, and the general public. Due to disrupted concentration and focus from depression, the claimant would be off task 5% of the workday.

(Tr. 403-04). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Ms. Chandler could perform jobs existing in significant numbers in the national economy and that, therefore, she was not disabled. (Tr. 412-13).

Ms. Chandler raises several arguments on appeal, contending (1) that the ALJ failed to find that her back pain was a severe impairment; (2) that the ALJ did not provide a sufficient explanation of his determination that she would be off task "5% of the workday;" and (3) that the ALJ did not adequately consider the opinions of two medical providers. I also asked the parties to consider whether the case was impacted by the recent ruling of the United States Court of Appeals for the Fourth Circuit in *Fox v. Colvin*, No. 14-2237, 2015 WL 9204287, at * 3-5 (4th Cir. Dec. 17, 2015). After reviewing the parties' supplemental submissions, I am persuaded that *Fox* does not require remand of this case, because the ALJ identified at least one specific criterion of each relevant listing that was not met. However, I agree with Ms. Chandler that the ALJ did not provide adequate explanation of his determination of the percent of time she would be off-task, which is exacerbated by a flawed application of the special technique for evaluating mental impairments. Remand is therefore appropriate. In so holding, I express no opinion as to whether the ALJ's ultimate conclusion that Ms. Chandler is not entitled to benefits is correct or incorrect.

First, at step three, the ALJ erred in his application of the special technique for evaluating mental impairments. That technique is set forth in 20 C.F.R. § 416.920a. The ALJ "must first evaluate [the claimant's] pertinent symptoms, signs, and laboratory findings to determine whether [he or she] ha[s] a medically determinable mental impairment(s)." 20 C.F.R. § 416.920a(b)(1). The ALJ must "then rate the degree of functional limitation resulting from the impairment(s)" in four broad functional areas. *Id.* §§ 416.920a(b)(2), 416.920a(c). The ALJ must document the application of the technique in the hearing decision, incorporating pertinent findings and conclusions, and documenting the significant history and functional limitations that were considered. *Id.* § 416.920a(e)(4).

Although the ALJ outlined the special technique here, inadequate analysis was provided. In fact, the entire analysis consisted of the following paragraphs:

>Analyzing the "B" criteria for mental impairments, the undersigned finds that the claimant's mental impairments have resulted in mild restriction of activities

> of daily living; moderate difficulties in maintaining social functioning; moderate difficulties in maintaining concentration, persistence or pace; and no episodes of decompensation of extended duration.
>
> In making this finding, as discussed in greater detail in the residual functional capacity analysis, the undersigned accords significant weight to the opinion of Dr. Woods, as the opinion regarding the absence of any listing-level impairment is well-reasoned, well-documented, and generally consistent with the claimant's activities of daily living and longitudinal treatment records. It is further supported by Dr. Dhir's more recent consultative examination findings. As discussed in more detail below, the opinion of a nurse practitioner that the claimant is disabled by depression is granted no weight, and Dr. Merrion's opinion is only partially credited.

(Tr. 403). That analysis conflates the ALJ's duty to assign weight to the opinions of each medical source with the ALJ's duty to discuss relevant evidence in each of the functional areas relevant to application of the special technique. Here, although he reiterated his assignments of weight to each medical source's opinion, the ALJ simply stated the degree of functional limitation in each area, with no specific citation to the evidence of record or explanation of the reasons for each finding. *Id.* In light of the failure of relevant explanation, remand is warranted for an adequate application of the special technique.

The failure is particularly significant in this case in light of the ALJ's RFC assessment, which included the conclusion that Ms. Chandler would be "off task 5% of the workday." (Tr. 404). It is unclear how the ALJ reached that particular conclusion, and is also unclear whether being off task only 5% of the workday is consistent with a "moderate limitation in concentration, persistence or pace." Thus, the ALJ should provide additional explanation linking his application of the special technique to his eventual RFC assessment, to ensure that the findings are consistent and well-documented.

Ms. Chandler's remaining arguments are less persuasive, particularly with regards to the assignment of weight to the opinion of the consultative examiners, Dr. Dhir and Dr. Merrion. Pl. Mot. 10-11. It is clear from the ALJ's opinion that he considered the reports from both physicians, (Tr. 408-09), and it is not the role of this Court to reweigh the evidence of record or to substitute its judgment for that of the ALJ. *See Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990). Moreover, the ALJ need not discuss every provision in any particular medical report. *See Murphy v. Barnhart*, 417 F. Supp. 2d 965, 970 (N.D. Ill. 2006); *Brown ex rel. Brown v. Comm'r of Soc. Sec.*, 311 F. Supp. 2d 1151, 1160 (D. Kan. 2004) (both finding that while an ALJ must demonstrate she considered the entire record, she need not discuss every piece of evidence). On remand, however, the ALJ should more clearly explain his analysis relating to Ms. Chandler's back impairment, since the basis for the conclusion that the impairment did not meet the durational requirement is unclear in light of the infrequent but multiyear medical treatment.

*Tracy Lee Chandler v. Commissioner, Social Security Administration*
Civil No. SAG-15-1408
February 24, 2016
Page 4

    For the reasons set forth herein, Ms. Chandler's Motion for Summary Judgment (ECF No. 10) is DENIED and Defendant's Motion for Summary Judgment (ECF No. 11) is DENIED. The ALJ's opinion is REVERSED IN PART as described above, and the case is REMANDED for further proceedings in accordance with sentence four of 42 U.S.C. § 205(g). The clerk is directed to CLOSE this case.

    Despite the informal nature of this letter, it should be flagged as an opinion and docketed as an order.

                                      Sincerely yours,

                                      /s/

                                    Stephanie A. Gallagher
                                    United States Magistrate Judge